**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TYRONE HARRIS,**

**Plaintiff,**

**v.** **Case No. 8:22-cv-2145-AAS**

**KILOLO KIJAKAZI,**
**Acting Commissioner,**
**Social Security Administration,**

**Defendant.**
______________________________________/

**ORDER**

Tyrone Harris requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). (Doc. 14). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda submitted by the parties, the Commissioner's decision is **AFFIRMED**.

## I. PROCEDURAL HISTORY

Mr. Harris applied for SSI on August 7, 2020, with an alleged disability onset date of June 17, 2014. (Tr. 203–12). Disability examiners denied Mr. Harris's application initially and after reconsideration. (Tr. 121–23, 125–30).

At Mr. Harris's request, the ALJ held a hearing and Mr. Harris appeared and testified. (Tr. 131, 165–9). Following the hearing, the ALJ issued an unfavorable decision to Mr. Harris. (Tr. 17–33). The Appeals Council denied Mr. Harris's request for review, making the ALJ's decision final. (Tr. 2–7). Mr. Harris now requests judicial review of the Commissioner's decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Harris was 38 years old at the time of the ALJ's decision. (Tr. 29, 203). Mr. Harris has a ninth-grade education and no past relevant work. (Tr. 28, 226). Mr. Harris alleges disability due to grand mal seizures, bipolar disorder, and schizophrenia. (Tr. 225).

### B. Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. § 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 416.972.

impairment and is not disabled. 20 C.F.R. § 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. § 416.920(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. 20 C.F.R. § 416.920(g).

The ALJ determined Mr. Harris had not engaged in substantial gainful activity since August 7, 2020, the disability application date. (Tr. 22). The ALJ found Mr. Harris has these severe impairments: seizure disorder, bipolar disorder, and anxiety disorder. (*Id.*). The ALJ also found Mr. Harris has the non-severe impairments of obesity. (*Id.*). However, the ALJ concluded Mr. Harris's impairments or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings. (Tr. 22–24).

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. § 416.945(a)(1).

The ALJ found Mr. Harris had an RFC to perform medium work[4] except:

> [Mr. Harris] can lift and/or carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk 6 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, and push/pull limited to the weight given above. [Mr. Harris] can frequently climb ramps and stairs, but never ladders, ropes, or scaffolds. He must avoid concentrated exposure to hazardous machinery and unprotected heights. [Mr. Harris] is able to understand, remember and apply simple instructions, interact appropriately with supervisors, but only occasionally with coworkers, and not the general public. The claimant can concentrate, persist, and maintain pace for 2 hours at a time and manage himself and adapt to routine changes in the workplace.

(Tr. 24).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Mr. Harris could perform other jobs existing in significant numbers in the national economy. (Doc. 29). Specifically, Mr. Harris can perform the jobs of packager, janitor, and production helper. (*Id.*). As a result, the ALJ found Mr. Harris was not disabled. (*Id.*).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

**B. Issue on Appeal**

Mr. Harris raises one issue on appeal: whether the ALJ properly

considered the medical evidence about Mr. Harris's limitations related to exposure to hazards.[5] (Doc. 14, pp. 3–7). The Commissioner responds by arguing substantial evidence supports the ALJ's RFC determination. (Doc. 15, p. 4). The Commissioner argues Mr. Harris's limitations do not preclude him from performing the jobs identified by the VE. (*Id.*, pp. 8–9).

Under the revised regulations applicable to claims filed on or after March 27, 2017, an ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(a), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a). The ALJ must now determine the persuasiveness of medical opinions by considering various factors, the most important of which are supportability and consistency. 20 C.F.R. § 416.920c(c)(1)-(5). While the regulations require the ALJ to evaluate the prior administrative medical finding, but he need not adopt the finding. *See* 20 C.F.R. §§ 416.913a(b)(1), 416.920c. The applicable regulations require the ALJ to evaluate the persuasiveness of prior administrative medical findings and articulate how he considered the supportability and consistency factors, unless the situation in

[5] Mr. Harris has not raised any other issues, including any other issues related to the RFC, other limitations, or impairments, or any other step of the sequential evaluation. Any issue not specifically raised by and elaborated upon is waived. *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (in the absence of an argument, the issue is considered abandoned); *see also Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (noting claimant waived issue because he did not elaborate on claim or provide citation to authority on the claim).

which an ALJ must discuss other factors arises. 20 C.F.R. § 416.920c(a)-(b). The regulations contain a source-level articulation requirement. 20 C.F.R. § 416.920c(b)(1). They do not require the ALJ to address every limitation identified by a medical source. *See id.*; *Cunningham v. Comm'r of Soc. Sec.*, No. 2:20-cv-913-SPCNPM, 2022 WL 1085548, at *5 (M.D. Fla. Feb. 9, 2022).

The regulations state that an ALJ does not have to defer to any medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(a). The regulations do not indicate that a "persuasive" opinion or prior administrative medical finding is "controlling" regarding the RFC finding. *See id.*; *see also Sanders v. Comm'r of Soc. Sec.*, No. 2:20-cv-788-NPM, 2022 WL 970181, at *6 (M.D. Fla. Mar. 31, 2022) ("But finding an opinion persuasive does not mean it is controlling.") (citing 20 C.F.R. § 416.920c(a)). The ALJ is not required to adopt every part of an opinion or prior administrative medical finding he finds persuasive into the RFC. *See* 20 C.F.R. § 416.920c(a)–(b); *Sanders*, 2022 WL 970181, at *6 ("And the regulations do not require ALJs to adopt into an RFC every part of an opinion that they otherwise find persuasive . . . Rather, the assessment of a claimant's RFC is within the exclusive province of the ALJ.").

To support his claim of disability, Mr. Harris directs the court to the opinions of a psychiatrist who performed a psychological consultative exam, the opinion of Mr. Harris's treating physician, and two state agency medical consultants. (*See* Doc. 14, pp. 5–6; Tr. 76–95, 99–117, 1445–67). On October 22,

2020, Dr. Nydia Conrad performed a psychological evaluation and opined Mr. Harris suffers moderate psychological limitations. (Tr. 85). The ALJ did not find Dr. Conrad's opinion fully persuasive. (Tr. 27). The ALJ justifies this finding by recognizing the opinion's vagueness and lack of concrete functional limitations. (*Id.*). Although the ALJ does not fully agree with Dr. Conrad's opinion, the ALJ does find moderate limitations are warranted as consistent with the evidence of Mr. Harris's conditions of depression and anxiety. (*Id.*). However, the ALJ states that while these limitations are warranted, they do not preclude Mr. Harris from his ability to work as shown by the generally unremarkable mental status exam. (*Id.*).

Dr. Robert Martinez, Mr. Harris's treating physician, examined Mr. Harris on November 2, 2020, February 22, 2021, and May 24, 2021. Dr. Martinez opined Mr. Harris should not drive an automobile, should not be around dangerous machinery, and could not work in any capacity. (Tr. 1448–49, 1454–55, 1464). The ALJ did not find Dr. Martinez's report persuasive. (Tr. 26). The ALJ found Dr. Martinez's opinions are not supported by the medical record or his own examinations. (*Id.*). The ALJ disagrees with Dr. Martinez's opinion that Mr. Harris should not be around hazards and cites to the evidence that supports Mr. Harris's seizure disorder being controlled by taking his prescribed medication. (*Id.*). During Mr. Harris's November 2020 appointment, Mr. Harris reported his last seizure occurred in September 2020 when he was

not taking his medication. (Tr. 1446). During Mr. Harris's May 2021 appointment, Mr. Harris reported his last seizure occurred in April 2021, another period when Mr. Harris was not taking prescribed medication. (Tr. 1458). Mr. Harris failed to take his medication on both occasions because of a lack of funds. (Tr. 1446, 1458). Mr. Harris has since found a source that can provide his medication at no cost to him. (Tr. 1458). The ALJ reasoned that the medical evidence shows Mr. Harris's seizure disorder is generally controlled when properly taking his medication and that a limitation to less than the full range of medium work with additional postural and environmental limitations to avoid concentrated exposures to hazards accounts for his seizure disorder. (Tr. 27).

State agency medical consultants, Dr. Sunita Patel and Dr. Jermaine Robertson, opined Mr. Harris can work at the medium exertional level with additional postural and environmental limitations to avoid even moderate exposure to hazards. (Tr. 89). The ALJ did not find these opinions fully persuasive and found them inconsistent with the evidence. (Tr. 27). When considering the medical evidence, the ALJ finds that a limitation to avoid concentrated exposure to hazards rather than moderate exposure to hazards relates to Mr. Harris's seizure disorder. (*Id.*). However, the evidence shows Mr. Harris's seizure disorder is largely controlled with his prescribed medication, as mentioned above. (*Id.*).

The ALJ properly evaluated the medical evidence. (*See* Tr. 20–29). The ALJ's determination that some of the medical opinions are not fully persuasive is justified and supported by substantial evidence. When reviewing each medical opinion, the ALJ adequately explained how the expert opinions were inconsistent with record evidence. Statutory requirements permit the ALJ to assign varying weight to medical opinions based on their consistency with the record evidence. 20 C.F.R. § 404.1527(c)(4).

Mr. Harris further argues that the ALJ inserted his own opinion in the place of the opinion of the medical experts when the ALJ replaced the language to "avoid moderate exposure to hazards" with "avoid concentrated exposures to hazards." (Doc. 14 p. 6). When presenting a hypothetical to a VE, the ALJ must include the claimant's impairments. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). However, the ALJ does not have to include limitations rejected due to a lack of support from the evidence. *Id*. The ALJ provided the VE with a complete statement of Mr. Harris's limitations as found by the ALJ. (Tr. 54).

Even if the ALJ had included the limitation to avoid even moderate exposure to hazards or no dangerous machinery, the ultimate determination that Mr. Harris was not disabled would still be supported. (Tr. 89, 112, 1446). None of the jobs the VE identified and the ALJ relied on, according to the Dictionary of Occupational Titles (DOT), include or require exposure to

hazards (Tr. 28-29, 53-54). *See* Packager, DOT § 920.587-018, 1991 WL 687916; Janitor, DOT § 381-687-018, 1991 WL 673258; Production Helper, DOT § 691.687-010, 1991 WL 678659. Thus, even if additional restrictions on the presence of hazards were included, the jobs identified would remain. *See Lee v. Saul*, No. 1:19-cv-838-SRW, 2020 WL 5413773, at *6 (M.D. Ala. Sept. 9, 2020) (acknowledging new regulations applied and finding any error in not including casual contact limitation stated by state agency consultant into RFC was harmless because jobs identified by VE and ALJ did not involve casual contact) (internal citations omitted); *see also Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 906 (11th Cir. 2013) (even under old regulations, holding omission of squatting restriction from RFC assessment was harmless error where jobs identified by ALJ did not require squatting/crouching).

The ALJ properly considered the medical evidence and ruled with particularity as to the medical opinions. The ALJ's RFC assessment did not preclude the available jobs defined by the VE. The ALJ applied the correct legal standards in evaluating Mr. Harris's case and his findings are supported by substantial evidence.

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Tampa, Florida on November 16, 2023.

AMANDA ARNOLD SANSONE
United States Magistrate Judge